### John Sowers v. The State.

No. 3963. Decided October 28, 1908.

**1.—Theft—Confessions—Duress.**

Confessions alone are not sufficient to sustain a conviction, and, of course, where they are made under duress they are insufficient to sustain a conviction.

**2.—Same—Agreement by State's Counsel to avoid a Continuance.**

Where the State's counsel in order to avoid a continuance admitted that the absent testimony that defendant was under duress was true the State was bound thereby.

Vol. 55 Crim.—8.

Appeal from the County Court of Henderson. Tried below before the Hon. J. R. Blades.

Appeal from a conviction of theft; penalty, a fine of $25 and three months confinement in the county jail.

The opinion states the case.

*Miller & Royall,* for appellant.—Cited Warren v. State, 29 Texas, 370; Walker v. State, 9 Texas Crim. App., 40; Johnson v. State, 88 S. W. Rep., 223; Cross v. State, 101 S. W. Rep., 213; Womack v. State, 16 Texas Crim. App., 178.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft, and his punishment assessed at a fine of $25 and three months imprisonment in the county jail.

The evidence in this case is not sufficient. It shows that the State relied for a conviction upon the confession of appellant, who was under duress at the time the confession was made. The county attorney having admitted the testimony of certain absent witnesses to be true in order to avoid a continuance, and said witnesses' testimony shows that the defendant was under duress, therefore, we hold the testimony is insufficient. A confession alone would not be sufficient to sustain a conviction if appellant was not under duress.

The evidence being wholly insufficient, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Ramsey, Judge, absent.